Ndoci v. Barr

BIA
A079 727 140

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty.

PRESENT:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

ALBANA NDOCI, AKA XHILIOLA LALA,
> *Petitioner,*

v.                                        19-1008
                                          NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Joshua Bardavid, Esq., New York, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Steven K. Uejio, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Albana Ndoci, a native and citizen of Albania, seeks review of a March 19, 2019, decision of the BIA denying her motion to reopen. *In re Albana Ndoci,* No. A 079 727 140 (BIA Mar. 19, 2019). We assume the parties' familiarity with the underlying facts and procedural history in this case. The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).

Ndoci moved to reopen her proceedings based on her fear of future persecution and alleged a material change in country conditions because the Socialist Party had regained control of the Albanian government. It is undisputed that Ndoci's motion to reopen was time- and number-barred because it was her second motion to reopen filed more than a decade after she was ordered removed. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time and numerical limitations do not apply if the motion is to reopen proceedings in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such

evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA reasonably determined that Ndoci failed to establish a material change in conditions in Albania as needed to excuse her untimely filing. "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007). Contrary to Ndoci's assertions, a change of the political party in power does not necessarily establish a material change in country conditions.

To support her claim, Ndoci submitted evidence that indicated a prevalence of government corruption, widespread political protest, and tensions between opposing political parties. This evidence did not show that conditions were materially worse than those at the time of her 2006 hearing before the immigration judge ("IJ"). For example, the 2006 State Department Country Report for Albania described

"endemic corruption" and provided a history of political violence in the late 1990s but reported "no outbreaks of political violence since 1998" or current "indications of systemic political persecution." U.S. Dep't of State, Bureau of Democracy, H.R. & Lab., Albania: Profile of Asylum Claims and Country Conditions 3 (2006). Also before the IJ was a 2002 Country Report reflecting that "corruption remained a major impediment" and that arbitrary arrest and detention were significant problems. U.S. Dep't of State, Bureau of Democracy, H.R. & Lab., Albania: Country Reports on Human Rights Practices – 2002 (2003). The evidence Ndoci submitted in support of reopening reflects similar circumstances or positive changes even after the Socialist Party regained control in 2013. The 2017 State Department Country Report, for example, indicates that the Albanian government has taken steps to combat corruption and to secure orderly elections. Thus, the record supports the BIA's conclusion that Ndoci failed to demonstrate a material worsening of conditions for similarly situated people in Albania as needed to excuse the time and number bars to her motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

To the extent that Ndoci's motion relied on an affidavit prepared by Dr. Bernd Fischer, the BIA did not err in finding

that the affidavit failed to establish Ndoci's prima facie eligibility for asylum. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (listing failure to establish prima facie eligibility for the "underlying substantive relief sought" as basis for denial of reopening). In order to establish a well-founded fear of future persecution, an applicant must show either a reasonable possibility that she would be "singled out" for persecution or that the country of removal has a "pattern or practice" of persecuting individuals "similarly situated" to her. 8 C.F.R. § 1208.13(b)(2)(iii). Dr. Fischer's affidavit described Albania's high levels of corruption and crime, as well as political instability and occasional clashes between opposition parties, but such isolated incidents are insufficient to support Ndoci's claim that she would be singled out for persecution or that there is a pattern or practice of persecution of people who are similarly situated. *See Jian Hui Shao*, 546 F.3d at 153, 163–65 (agreeing with BIA's conclusion that isolated incidents of persecution in country reports are insufficient to establish that an applicant will be singled out for persecution or a pattern or practice of persecution); *see also Matter of A-M-*, 23 I&N Dec. 737, 741 (BIA 2005) (defining pattern or practice as the "systemic or pervasive" persecution of a group).

Because the record supports the BIA's conclusion that Ndoci failed to demonstrate either a material worsening of conditions for similarly situated people in Albania as needed to excuse the time and number limitations or her prima facie eligibility for relief, the BIA did not abuse its discretion in denying her motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); *Abudu*, 485 U.S. at 104–05.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court